Matter of Brioso v Motor Veh. Acc. Indem. Corp. (2020 NY Slip Op 05981)





Matter of Brioso v Motor Veh. Acc. Indem. Corp.


2020 NY Slip Op 05981


Decided on October 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

Before: Renwick, J.P., Manzanet-Daniels, Gesmer, Oing, JJ. 


Index No. 33073/18E Appeal No. 12159 Case No. 2020-01912 

[*1]In re Wendy Brioso, Petitioner-Respondent,
v
Motor Vehicle Accident Indemnification Corporation, Respondent-Appellant.


Kornfeld, Rew, Newman & Simeone, Suffern (William S. Badura of counsel), for appellant.
Mitchell Dranow, Sea Cliff, for respondent.



Order, Supreme Court, Bronx County (Donna M. Mills, J.,), entered September 3, 2019, which granted the petition for leave to file an action against respondent, unanimously affirmed, without costs.
Petitioner sustained her initial burden of demonstrating that she was a "qualified" person under Insurance Law § 5218[a], based on her statement that she was injured in an accident involving a motorcycle, the owner of the vehicle could not be ascertained, she did not own a motor vehicle and she lived with her daughter, who was not an "insured person" (see Matter of Laszlone v Motor Veh. Acc. Indem. Corp., 167 AD3d 894, 894-895 [2d Dept 2018]).
The court properly concluded that respondent failed to provide sufficient evidence to raise a triable issue of fact as to whether petitioner was an "insured person" based on her residence with individuals who were supposedly insured relatives. Respondent did not present evidence that the named alleged relatives were covered by insurance and lived with petitioner at the time of the accident. Instead, although the DMV abstract that respondent asserted showed that "insured persons" may have lived with petitioner, that abstract was unclear on its face, unexplained and was inadmissible hearsay, in that it was not certified or authenticated (see O. K. v Y. M. & Y. W. H. A. of Williamsburg, Inc., 175 AD3d 540, 541 [2d Dept 2019]). Moreover, in response, petitioner submitted denials of coverage, which were based on the ground that she was not a resident relative of a policyholder. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 22, 2020